Degant v. Michael.

To give a magistrate jurisdiction under the act of the legislature, approved *February* 12, 1838, (R. S. 1843,) relative to fugitives from justice, it should be shown that the person sought to be arrested has left the state in which he committed the crime for the purpose of escaping punishment for it.

The above act is unconstitutional.

The case of *Graves et al.* v. *The State*, 1 Carter's Ind. R. 368, confirmed.

*Friday,*
*December 6.*

ERROR to the *Ripley* Circuit Court.

PERKINS, J.—Trespass for false imprisonment. Plea, the general issue. Judgment for the plaintiff below, 27 dollars.

*Degant*, the defendant below, the plaintiff in error, made the following affidavit:

" *State of Indiana, Ripley* county, ss. Be it remembered, that on this day, before me, *David Lindley*, a justice of the peace in and for the county aforesaid, personally came *Anthony Degant*, who, being by me duly sworn according to law, deposes and says, that on or about the middle of *February* last, at the county of *Hamilton* and state of *Ohio*, one *Joseph Michael*, late of the county of *Decatur* and state of *Indiana* aforesaid, did make and file an affidavit before the mayor of the city of *Cincinnati*, which affidavit so made was read in evidence in the *Decatur* Circuit Court," &c., " and further that the affidavit was false," &c. " Subscribed and sworn to this 16th day of *May*, 1849."

On this affidavit, *Lindley*, the justice, issued his warrant, upon which *Michael* was arrested and taken before said justice, where, no one appearing against him, he was discharged. He then brought this action of trespass against *Degant*. The Court instructed the jury that as the affidavit and warrant charged the accused with the commission of a crime in *Ohio*, the justice had no jurisdiction, and all the proceedings under them were void.

The counsel for *Degant* relies upon the first section of the act of the legislature of this state, approved *February* 12, 1838, R. S. 1030, for his justification.

That section enacts, " that if any person shall commit any crime in any of the *United States*," &c., " and shall flee into this state," &c., " it shall be lawful," &c., for " any justice of the peace," &c., " on the oath," &c.

The constitution of the *United States* contains the following provisions:

" A person charged in any state with treason, felony, or other crime, who shall flee from justice, and be found in another state, shall, on demand of the executive authority of the state from which he fled, be delivered up, to be removed to the state having jurisdiction of the crime."

" No person held to service or labor in one state, under the laws thereof, escaping into another, shall, in consequence of any law or regulation therein, be discharged from such service or labor; but shall be delivered up, on claim of the party to whom such service or labor may be due."

Congress has passed laws for carrying into effect both the foregoing provisions, (R. S. 1034); and in *Prigg* v. *Pennsylvania*, 16 Peters, 539, it was decided that such legislation by congress, as to the latter of said constitutional provisions, rendered void all state legislation on the same subject; and we do not see why the same rule will not prevail as to the former of said constitutional provisions. But, however that may be, we think the case before us was not brought within our own statute. To give a magistrate jurisdiction under that, it should be shown that the person sought to be arrested is a fugitive from justice—that is, that he has left the state in which he committed the crime for the purpose of escaping punishment for it. That was not shown in this case.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Ryman*, for the plaintiff.

*D. Kelso*, for the defendant.